**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MICHAEL P. KELLY<br>6562 Tulip Street, Rear 2nd Fl.<br>Philadelphia, PA 19135<br><br>Plaintiff,<br><br>v.<br><br>MARRIOTT HOTEL SERVICES<br>1201 Market Street<br>Philadelphia, PA 19107<br>and<br>MARRIOTT INTERNATIONAL, INC.<br>10400 Fernwood Road<br>Bethesda, MD 20817<br><br>Defendants. | CIVIL ACTION<br><br>No. ____________<br><br>**JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

Plaintiff, by and through his undersigned counsel, hereby avers as follows:

## I. INTRODUCTION

1. This action has been initiated by Michael P. Kelly (hereinafter referred to as "Plaintiff," unless indicated otherwise) for violations of the Age Discrimination in Employment Act ("ADEA" - 29 U.S.C. §§ 621 *et. seq.*). As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

## II. JURISDICTION AND VENUE

2. This Court, in accordance with 28 U.S.C. § 1331, has jurisdiction over Plaintiff's claims because this civil action arises under laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendants because Defendants' contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial

justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2), venue is properly laid in this district because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, and Defendants are deemed to reside where they are subject to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania.

## III. PARTIES

5. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6. Plaintiff is an adult individual, with an address as set forth in the caption.

7. Defendant Marriott Hotel Services (hereinafter individually referred to as "Defendant Marriott") is a Pennsylvania entity engaging in the business of providing hotel accommodations and other amenities to its guests.

8. Defendant Marriott International, Inc. (hereinafter individually referred to as "Defendant Marriott International") is a worldwide operator and franchisor of hotels and other lodging facilities which manages and operates including but not limited to the Defendant Marriott (franchise).

9. Upon information and belief, because of their interrelation of operations, common ownership or management, centralized control of labor relations, common ownership or financial controls, and other factors, Defendants are sufficiently interrelated and integrated in their activities, labor relations, ownership and management that they may be treated as a single and/or joint employer for purposes of the instant action.

10.    At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for Defendants.

## IV.    ADMINISTRATIVE EXHAUSTION

11.    In this lawsuit, Plaintiff files claims under the Age Discrimination in Employment Act ("ADEA").

12.    Plaintiff filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC").

13.    Over sixty (60) days have passed since Plaintiff's EEOC charge was filed; Plaintiff has therefore exhausted his administrative remedies in order to proceed under the ADEA.

## V.    FACTUAL BACKGROUND

14.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

15.    Plaintiff is a 52-year old man.

16.    Plaintiff was hired to work for Defendants in or about November 2005 and worked for Defendants for approximately five (5) years.

17.    Plaintiff was employed by Defendants as a Front-Desk Associate and performed primarily duties of guest check-in/check-out, guest payments, as well as miscellaneous guest services and relations.

18.    Plaintiff was the oldest Front Desk Associate during his employ with Defendants.

19.    In the months preceding his termination, Plaintiff was subjected to a series of discriminatory comments by Defendants' management, including but not limited to: being told

that he should wear "Depends"; being told that he was "peeing too much" and that he should "get his prostate checked"; being told that he was "getting old"; being called, "the old guy,"; being called "Ben Franklin"; and related remarks about his balding.

20. Defendants' management even made discriminatory comments in front of other hotel guests, whereby Plaintiff felt even more humiliated.

21. Plaintiff's work performance was adequate and consistent throughout the time of his employ with Defendants.

22. Prior to his termination, Plaintiff complained to Defendants' management that he was being discriminated against because of his age.

23. Prior to his termination, Plaintiff experienced very significant animosity for complaining about age discrimination.

24. In the immediate weeks preceding his termination, Plaintiff was disciplined in writing approximately three times for mistakes relating to the check-in of "VIP guests."

25. The write pretextual discipline that Plaintiff received in the weeks preceding his termination were Defendant Marriott's stated reasons for his discharge.

26. The reasons proffered for Plaintiff's termination are for errors that younger employees commonly committed during Plaintiff's employ with Defendants, as well as after, however, none of these other younger employees have been terminated.

27. Plaintiff was replaced by someone younger than him.

**Count I**
**Violations of the Age Discrimination in Employment Act ("ADEA")**
**(Against all Defendants)**

28. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

29. Plaintiff believes and avers herein that his age was a determinative factor in his termination.

30. These actions as aforesaid constitute violations of the ADEA.

**Count II**
**Violations of the Age Discrimination in Employment Act ("ADEA")**
**-Retaliation-**

31. The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

32. Plaintiff was terminated from Defendants for objecting and complaining about unlawful age discrimination practices within Defendants.

33. These actions as aforesaid constitute unlawful retaliation under the ADEA.

**WHEREFORE,** Plaintiff prays that this Court enter an Order providing that:

A. Defendants are to promulgate and adhere to a policy prohibiting retaliation/discrimination in the future against any employee(s);

B. Defendants are to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, and benefits;

C. Plaintiff is to be awarded liquidated damages as permitted by applicable law in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious, and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D. Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper, and appropriate; and

E. Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF & KARPF, P.C.**

By: ______________________

Christine E. Burke, Esq.
3070 Bristol Pike
Bldg. 2, Ste. 231
Bensalem, PA 19020

Date: September 30, 2010

APPENDIX I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

Michael P. Kelly | CIVIL ACTION

v.

Marriott Hotel Services, et al. | NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255. ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks. (XX)

| 9/30/2010 | Christine Burke | Plaintiff |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| (215) 639-0801 | (215) 639-4970 | cburke@kapf-law.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

UNITED STATES ... to be used by counsel to indicate the category of the case for the purpose of

HE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM

nent to appropriate calendar.

s of Plaintiff: 6562 Tulip Street Rear 2nd Floor, Philadelphia PA 19135

s of Defendant: 1201 Market Street, Philadelphia PA 19107

10400 Fernwood Road, Bethesda MD 20817

of Accident, Incident or Transaction: Defendants place of business (Use Reverse Side For Additional Space)

his civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock? Yes☐ No☒

ach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))

Yes☐ No☒

this case involve multidistrict litigation possibilities?

ATED CASE, IF ANY:

Number: ______ Judge ______ Date Terminated ______

cases are deemed related when yes is answered to any of the following questions:

this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☐

oes this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☐

oes this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☐

IL: (Place ✓ in ONE CATEGORY ONLY)

*Federal Question Cases:*

☐ Indemnity Contract, Marine Contract, and All Other Contracts
☐ FELA
☐ Jones Act-Personal Injury
☐ Antitrust
☐ Patent
☐ Labor-Management Relations
☒ Civil Rights
☐ Habeas Corpus
☐ Securities Act(s) Cases
☐ Social Security Review Cases
☐ All other Federal Question Cases
(Please specify)

B. *Diversity Jurisdiction Cases:*

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate Category)*

I, Christine Burke, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 9/30/2010 [signature] Attorney-at-Law 308166 CCB9351 Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 9/30/2010 [signature] CCB9351 308166

JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
KELLY, MICHAEL P.

**(b)** County of Residence of First Listed Plaintiff: Philadelphia

**(c) Attorney's (Firm Name, Address, Telephone Number and Email Address)**
Karpf & Karpf, P.C., 3070 Bristol Pike, Building 2 Suite 231, Bensalem PA 19020, (215) 639-0801, cburke@karpf-law.com

**DEFENDANTS**
MARRIOTT HOTEL SERVICES, et al.

County of Residence of First Listed Defendant: Philadelphia

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

PERSONAL INJURY
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Age Discrimination in Employment Act "ADEA" (29USC621)

Brief description of cause:
Violations of the ADEA.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☑ Yes ☐ No

## VIII. RELATED CASE(S)

(See instructions): JUDGE DOCKET NUMBER

Explanation:

9/30/2010
DATE

SIGNATURE OF ATTORNEY OF RECORD